[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF CHILD SUPPORT (POST JUDGMENT) #177 AND MOTION TO REOPEN AND MODIFY ALIMONY (POST JUDGMENT) #181
The plaintiff has filed a motion for modification of child support dated January 19, 2001 and a motion to reopen and modify alimony dated March 7, 2001. Both of these motions follow a modification of judgment, by agreement, entered on January 10, 2001. In this fully contested action for dissolution of marriage judgment entered on August 13, 1999,Axelrod, J. In his memorandum of decision, Judge Axelrod entered an order of joint physical custody for the two minor children and primary physical residence of the children with the defendant wife. The employment of the parties is the same as it was at the entry of judgment, the plaintiff is a state police captain and the defendant is a hearing monitor for the Social Security Administration. In determining child support, Judge Axelrod found the plaintiff's gross weekly income was $1525.00 and his net weekly income was $1039.00 and he found the defendant's gross and net weekly income was $190.00. The plaintiffs share of the total child support obligation was found to be $304.00 and deducted from that amount was $16.00 for a health insurance premium he paid for the benefit of the children. This resulted in recommended child support of $288.00 per week; this was the order in effect at the time of the hearing on the plaintiffs motions.
At the time of judgment, the plaintiff was ordered to pay the defendant alimony of $190.00 per week, and the defendant was awarded exclusive possession of the marital residence located at 111 Pheasant Road, West Haven, Connecticut. Under the court's orders, the defendant was responsible for keeping the mortgage payments current on the family residence during the time she occupied the property. At the time of judgment, the mortgage expense was $317.00 per week. From the evidence introduced at the hearing, the court finds that the defendant did not make any mortgage payments while she occupied the marital home and the mortgage balanced has increased $30,000.00 since the time of judgment.
Pursuant to the modification of judgment entered by agreement on January 10, 2001, the parties now share joint legal custody of the minor children, and primary residence is with plaintiff; however, under the terms of access, the children spend an equal amount of time which each CT Page 6086 parent. Further, under the agreement, the defendant was to vacate the marital premises located at 111 Pheasant Road, West Haven, Connecticut on before February 19, 2001. The plaintiff now resides in the marital premises. The plaintiff has filed a Chapter 13 plan and he makes payments on the mortgage arrearage in the amount of $163.00 per week in addition to making current mortgage payments in the amount of $327.00 per week.
The court finds that the defendant's financial affidavit is not credible in that she shows gross weekly wages in the amount of $190.00 per week. In two separate documents, Plaintiff's Exhibit 2 and Plaintiff's Exhibit 3, the defendant represented her employment income to be at least $1200.00 per month. The court finds that her present gross income is $1200.00 per month or $279.00 per week. The plaintiff has a gross income of $1,774.00 per week and a net income of $1275.00 per week. The plaintiff pays support for another child in the amount of $100.00 per week.
The court finds that the new shared custody arrangement constitutes a substantial change in circumstances which warrant a modification of child support. The court has prepared a child support guideline worksheet, attached hereto, utilizing the above incomes, which indicates a current support obligation of the parties of $389.00. The recommended support order to be paid by the plaintiff is $300.00 per week. In view of the shared custody arrangement, the court finds there are special circumstances which warrant deviation from the presumptive support amount. Specifically, the court finds that the shared physical custody arrangement substantially reduces the mother's, and substantially increases the father's, expenses for the children. The court does not find the designation of the father's home as the children's primary residence to be probative. At the least, the reduction in the number of meals that the mother prepares for the children and the concomitant increase in the number prepared by the father support the finding regarding expenses. The plaintiff is ordered to pay child support in the amount of $225.00 per week.
By receiving $225.00 in child support, the defendant, with her $71.00 share of support, will have the resources to provide 75% of the total child support obligation of $389.00 although she has the children only one half of the time. Even with the deviation, sufficient funds remain to meet the basic needs of the children.
The court finds that there has been a substantial change in circumstances which warrants the modification of the alimony order. In Section C of his memorandum of decision, Judge Axelrod specifically stated that it was desirable for the defendant mother not to have to secure full time employment in order for her to be available to care for CT Page 6087 the children. Under the shared custody arrangement, the defendant is now available to work full time on Wednesdays and Thursdays, and she is available for work during the other days of the week when the children are in school. This availability for increased employment increases the defendant's earning capacity and reduces her need for alimony.
In 1999 Judge Axelrod designated that the children's primary residence would be with the defendant mother, and the father would enjoy access every other weekend from Friday to Sunday. Judge Axelrod contemplated that the defendant would live in the marital residence and that she would be responsible for the mortgage payments of $317.00 per week. The defendant presently has a housing expense of $150.00 per week which is a substantial reduction from the previously ordered mortgage payments; this also reduces her overall needs.
Considering the substantial change in circumstances, and the criteria in Connecticut General Statutes § 46b-82, the court modifies the order of alimony to $115.00 per week.
The agreement of the parties to modify the judgment dated January 10, 2001 contains a provision that the defendant would vacate the marital premises by midnight of February 19, 2001. It also provided that should the defendant not vacate by said date the plaintiff was entitled to withhold one week's alimony, $190.00, for any portion of two days which she stays past said date. The court finds that the defendant vacated the premises on February 21, 2001. The court finds the defendant's reason for not vacating on time to be not credible. The court finds that the plaintiff is entitled to the sum of $190.00.
The modification of child support is ordered retroactive to February 18, 2001, the effective date of the shared custody arrangement. The modification of alimony is ordered retroactive to March 7, 2001, the date of service of the motion.
The plaintiffs alimony and child support payments are made by wage withholding and future credits against alimony and child support are cumbersome. The defendant is ordered to reimburse the plaintiff $190.00 and to reimburse the plaintiff the sums due under the retroactive orders by weekly payments of $25.00 to be paid directly to the plaintiff commencing May 25, 2001.
In summary, the plaintiff is ordered to pay to the defendant child support in the amount of $225.00 per week and alimony in the amount of $115.00 per week, said payments to be made by immediate wage withholding. The defendant is ordered to pay the plaintiff $25.00 per week commencing May 25, 2001 until she has paid the sum of $190.00 and CT Page 6088 the amount due the plaintiff by virtue of the retroactive orders.
Domnarski, J.